# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2945

_____

UNITED STATES OF AMERICA,       *
          *

        Appellee,       *   Appeal from the United States
          *   District Court for the
v.                *   Eastern District of Missouri.
          *

JOHN ELLIS CUPIT, IV,       *
          *   [PUBLISH]
        Appellant.       *

_____

Submitted: January 12, 1999
Filed: February 25, 1999

_____

Before RICHARD S. ARNOLD, BRIGHT and WOLLMAN, Circuit Judges.

_____

**PER CURIAM.**

Defendant appellant John Ellis Cupit IV appeals his sentence after pleading guilty to two counts of making a false statement in connection with a loan application, in violation of 18 U.S.C. § 1014. We reject and dismiss the appeal on the sentence of imprisonment, and affirm the order of restitution and the term of supervised release.

The Government indicted Cupit for his willful submission of false documents in support of a $150,000 loan application to the Capital Bank of Sikeston, a federally insured financial institution. Cupit pleaded guilty to the charges under a plea agreement. Among other conditions of the plea agreement, the Government agreed to remain silent as to the exact sentence to be imposed by the district court, and both the Government and Cupit agreed to waive any right to appeal.

Prior to the sentence, Cupit objected to the sentence calculations made by the probation officer in the presentence report. As a result of the dispute between the Government and Cupit on the amount of the loss sustained by the victims, the district court held an evidentiary hearing to examine the guideline sentence and the amount of restitution to be imposed. Rejecting Cupit's objections to the presentence report, the district judge determined the total offense level to be 15, a criminal history category of I, and a guideline sentencing range of 18-24 months. The district court then sentenced Cupit to serve twenty-one months of incarceration concurrently on both counts, followed by supervised release of five years, also to run concurrently on both counts, and required Cupit to make restitution to the victims in the total amount of $150,000.[1]

Cupit brings this appeal from the sentence asserting the following:

1. The broad waiver of appeal in this case does not preclude Cupit from appealing his sentence because he did not enter into the agreement knowingly, intelligently and voluntarily. In essence, Cupit contends that a defendant cannot make a voluntary plea agreement prior to knowing what sentence will be imposed.

---

[1] The Capital Bank of Sikeston sustained a loss of $150,000 when it paid that amount in satisfaction of a letter of credit initiated by Cupit. Ultimately, guarantors Steve Holden and Jim Lincoln each sustained an actual loss of $75,000 in reimbursing the Capital Bank for the lost funds under the terms of a personal guaranty agreement executed by them in favor of the Bank. The district court's decision to order restitution in the amount of $150,000 reflects this loss to Holden and Lincoln.

2. The broad waiver of appeal violates Rule 11 of the Federal Rules of Criminal Procedure and the Due Process Clause of the United States Constitution.

3. Cupit's execution of the waiver of the right to appeal did not foreclose his appeal of the amount of restitution imposed by the district court where, as here, the plea agreement did not specifically refer to restitution, only to the "conviction or sentence."

4. The five-year term of supervised release violated the plea agreement of the parties, which called for a three-year term of supervised release.

We refuse to consider the merits of Cupit's appeal on issues one and two; after reviewing the merits on three and four, we affirm the district court's ruling on those issues. This court first turns to the appealability of the sentence itself. Cupit asserts that the district court violated Fed.R.Crim.P. Rule 11 and that Cupit's waiver was not voluntary under the circumstances of this case, because Cupit did not know the proposed sentence at the time of the plea agreement. Cupit's arguments must fail. Similar issues were determined in United States v. Michelsen, 141 F.3d 867 (8th Cir. 1998), and that case requires rejection of Cupit's appeal of his twenty-one-month sentence on these grounds. See Michelsen, 141 F.3d at 871-873.

We next turn to Cupit's claim seeking review of the amount of restitution awarded by the district court. In United States v. Greger, 98 F.3d 1080 (8th Cir. 1996), this court disallowed an appeal from the award of restitution in which the court stated, "[s]o long as the sentence is not in conflict with the negotiated agreement, a knowing and voluntary waiver of the right to appeal . . . will be enforced." Greger, 98 F.3d at 1081 (citation omitted). The waiver instrument in Greger excluded an appeal of all issues but jurisdiction. Id. In contrast, the waiver of appeal here recites:

The defendant has been fully apprised of his right to appeal by his attorney and fully understands that he has a right to appeal his sentence under 18 U.S.C. § 3742. Both the defendant and the Government hereby mutually agree to waive all rights to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range. The District Court's decision as to these issues shall not be subject to appeal. However, the parties do specifically reserve the right to appeal from an upward or downward departure from the Guideline range that is established at sentencing.

Plea Agreement and Stipulation of Facts Relative to Sentencing at 7; App. at 17. We recognize that the above statement constitutes a broad waiver of the parties' rights to appeal. But that language and the record as a whole do not clearly demonstrate whether the parties ever agreed that the district court's award of restitution should not be subject to appellate review. We do not resolve the waiver of restitution issue in this case, but instead turn to the merits.

We review the district court's factual finding of loss relating to restitution under a clearly erroneous standard, see United States v. Morris, 18 F.3d 562, 570 (8th Cir. 1994), and a challenge to the district court's application or construction of the Guidelines de novo. See United States v. Wells, 127 F.3d 739, 744 (8th Cir. 1997). In cases like this one involving a fraudulent loan application, § 2F1.1 of the Guidelines governs the determination of loss for sentencing purposes. See id. at 748 (citing U.S.S.G. § 2F1.1, comment. (n.7(b)); see also Morris, 18 F.3d at 570. Application Note 7(b) to § 2F1.1 defines loss as the greater of, the actual loss resulting from the fraudulent conduct or the amount of loss the defendant intended to inflict. See U.S.S.G. § 2F1.1, comment. (n.7(b)). The restitution here represents a documented actual loss to a bank and thereafter to the victims in the total sum of $150,000. The record indicates that the victims, as guarantors of corporate loans, were each required to pay the lending bank $75,000. The record, therefore, supports the district court's finding of loss.

Cupit asserts, however, that he has legitimate claims against the corporation.[2] And further, that he is entitled to offset those claims, as to at least one of the victims, a part owner of the corporation in question, against the amount awarded by the district court in restitution. In support of this proposition, Cupit cites Wells, supra, 127 F.3d 739, in which this court upheld the district court's loss calculation. The district court had reduced the loss by the amount that the victim lender expected to recover from a stream of lease payments that the defendants had sold to the bank in exchange for financing. See Wells, 127 F.3d at 748-49 (quoting U.S.S.G. § 2F1.1, comment. (n.7(b)) (a trial court should reduce the loss by the amount the victim lender has "recovered, or can expect to recover, from any assets pledged to secure the loan"). Cupit's reliance is misplaced. Our decision in Wells hinged on the direct benefit that the victim bank would receive from the stream of lease payments. In contrast to Wells, there is no showing that Cupit's claims will produce an actual benefit to either of the victims. Rather, Cupit seeks to reduce the calculated loss by the amount of monies allegedly owed to him by the corporation on entirely unrelated claims. Under these circumstances, the district court did not err in its award of restitution.[3]

Next, we consider the terms of Cupit's supervised release. The plea agreement set forth a term of supervised release extending for a three-year period. The Government represents that this was an unintentional error in the writing of the agreement which neither the district court, nor the parties to the agreement discovered in the proceedings before the district court. The applicable term of supervised release for a Class B felony under 18 U.S.C. § 3583(b)(1) is not more than five years. See

---

[2]Cupit's claims against the corporation arise from a $55,000 loan made by Cupit to the corporation, a judgment in favor of Cupit in unrelated litigation in Texas, and a $10,000 payment Cupit made to the corporation in that same litigation.

[3]Cupit still retains his claims against the corporation and may pursue those claims in a separate proceeding.

18 U.S.C. § 3583(b)(1). In § 5D1.2 of the Guidelines, the length of the term of supervised release for a Class B felony is required to be at least three years, but not more than five years. See U.S.S.G. § 5D1.2(a). As such, according to the government, the plea agreement should have provided a term of supervised release of not less than three years but not more than five years.

We agree that the plea agreement misstated the maximum term of the supervised release. Nevertheless, we remain unpersuaded by Cupit's argument that this misstatement provides Cupit with grounds for appeal of his sentence. See United States v. Rutan, 956 F.2d 827, 829-30 (8th Cir. 1992) (stating that a waiver of appeal does not preclude appeal of a sentence imposed not in accordance with the plea agreement). The plea agreement referred to the Code and Guidelines in relating the likelihood that the district court would impose a term of supervised release. The plea agreement further recited that "[d]efendant understands that the sentencing court may in appropriate circumstances extend the term of supervised release and/or modify or enlarge its conditions." Plea Agreement and Stipulation of Facts Relative to Sentencing at 4; App. at 14. It is apparent from reading the plea agreement that the term of supervised release represented a recitation and not an agreement. Thus, in view of the specific language of the plea agreement at issue in this case, we conclude that no breach of the agreement exists on this issue.

Accordingly, we reject Cupit's appeal except as to restitution and the term of supervised release. As to these issues, we affirm the sentence on the merits.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-