# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-3506

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　　*　District of Minnesota.
Edward Sistrunk,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellant.　　　　　　*

_____

Submitted:　November 17, 2005
Filed:　January 6, 2006

_____

Before WOLLMAN, LAY, and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Edward Sistrunk pled guilty to one count of bank fraud, a violation of 18 U.S.C. § 1344. The district court[1] sentenced Sistrunk to twenty-one months' imprisonment and ordered Sistrunk to pay $29,940 in restitution. Sistrunk appeals from the judgment. We dismiss Sistrunk's appeal from his sentence, and we affirm the restitution order.

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Sistrunk participated in two bank fraud schemes. In the first scheme, Sistrunk defrauded Wells Fargo Bank of $19,200. In the second scheme, Sistrunk and his brother defrauded TCF Bank. A federal grand jury returned a fifteen-count superseding indictment against the two, which charged them with conspiracy to commit bank fraud and aiding and abetting each other to illegally obtain funds from Wells Fargo and TCF.

Sistrunk and the United States entered into a plea agreement. The agreement provided that Sistrunk would plead guilty only to the bank fraud against Wells Fargo, yet he would be "accountable under the relevant conduct provisions of the Sentencing Guidelines for the bank fraud which occurred . . . at TCF bank. The parties agree that the loss to both banks [TCF and Wells Fargo] is between $30,000 and $70,000." Plea Agreement at 3. During the plea hearing, Sistrunk reiterated his responsibility to TCF. The district court ordered restitution in the amount of $19,200 to Wells Fargo and $10,740 to TCF.

As part of the plea agreement, Sistrunk waived his right to appeal his sentence. Specifically, the plea agreement states, "[T]he defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal his sentence, unless the Court sentences the defendant above offense level 10." Plea Agreement at 8. During the plea colloquy, the district court addressed the consequences of the waiver and explained that, "Provided that I sentence you at a level of 10 or less, . . . you are giving up the right to appeal the sentence." Plea Hr'g Tr. at 37. Sistrunk acknowledged that he understood this waiver. The district court found the offense level to be ten and, as stated above, sentenced Sistrunk to twenty-one months' imprisonment.

The United States argues that Sistrunk waived his right to appeal. We agree that Sistrunk waived his right to appeal from the sentencing order, but we conclude that the appeal from the restitution order is beyond the scope of the waiver. "When

reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." United States v. Andis, 333 F.3d 886, 889–90 (8th Cir. 2003) (*en banc*). Because plea agreements are essentially contracts between the defendant and the Government, we must look to the language of the agreement to determine the scope of an appeal waiver. Id.; United States v. Reeves, 410 F.3d 1031, 1034 (8th Cir. 2005).

We conclude that Sistrunk knowingly and voluntarily waived his right to appeal his sentence. The plea agreement states the waiver in unambiguous terms, and thus we refuse to consider Sistrunk's contention that the district court erred in ruling that he was not a minor participant.

Sistrunk did not, however, waive his right to appeal the restitution order. We addressed this issue in United States v. Cupit, 169 F.3d 536 (8th Cir. 1999) (*per curiam*), and United States v. Greger, 98 F.3d 1080 (8th Cir. 1996). In Greger, we held that the waiver included the restitution award because the parties agreed to waive their possible appeals on all issues except jurisdiction. 98 F.3d at 1081–82. Conversely, in Cupit, we held that the waiver did not include the restitution award because the agreement stated that the parties, "waive all rights to appeal whatever sentence is imposed[.]" 169 F.3d at 539. The language of Sistrunk's plea agreement is almost identical to that in Cupit. Accordingly, we turn to the merits of Sistrunk's appeal from the restitution order.

We have held that United States v. Booker, 543 U.S. 220 (2005); Blakely v. Washington, 542 U.S. 296 (2004); and Apprendi v. New Jersey, 530 U.S. 466 (2000), do not prohibit judicial fact finding for restitution orders. United States v. Carruth, 418 F.3d 900, 904 (8th Cir. 2005). We therefore review the district court's findings of loss for clear error. Id. Sistrunk does not dispute the $19,200 owed to Wells Fargo because the plea agreement specifically states that amount, but he argues

that the district court erred when it ordered him to pay $10,740 to TCF because he had not admitted to nor been convicted of that amount. We conclude that the record supports the district court's finding. During the sentencing proceeding, the district court noted that it ordered restitution to TCF based on the plea agreement, Sistrunk's admission during the plea hearing, and the undisputed evidence that a TCF check was recovered from Sistrunk. Criminal Sentencing Proceedings Tr. at 47–49. Although the plea agreement does not stipulate an amount for restitution, the district court did not clearly err by ordering restitution in the amount of $10,740 to TCF.

Accordingly, we dismiss Sistrunk's appeal as to his sentence and affirm the judgment imposing restitution in the amount of $29,940.

_____