**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mario VALENZUELA–SANCHEZ,**
**Defendant–Appellant.**

**No. 06–50263.**

United States Court of Appeals,
Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted June 7, 2007.*

Filed Aug. 21, 2007.

Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Robert H. Rexrode, III, Esq., Federal Defenders of San Diego, Inc., Larry N. Ainbinder, San Diego, CA, for Defendant–Appellant.

Before: FISHER and CALLAHAN, Circuit Judges, and STROM, District Judge.**

## MEMORANDUM ***

A jury found Mario Valenzuela–Sanchez guilty of importation of 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and possession with intent to distribute 100 grams or more of marijuana, in violation of 21 U.S.C. § 841(a)(1). He received a statutorily mandated 60–month concurrent sentence under 21 U.S.C. §§ 960(b)(2) and 841(b)(1)(B)(vii). We affirm.

Valenzuela–Sanchez argues that the district court erred by abdicating its sentencing authority over a safety valve request to the Assistant United States Attorney. We review de novo the district court's interpretation and application of 18 U.S.C. § 3553(f). *United States v. Sherpa*, 110 F.3d 656, 659 (9th Cir.1997).

Although the district court's sentencing decision—particularly its statements about the weight it was giving to the prosecutor's views—requires some pause on our part, we conclude that the court's decision to defer to the prosecution's position was not an abdication of the court's role as the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

decision maker because the judge understood that he had the authority and discretion, independent of the prosecutor's recommendation, to grant safety valve relief.

At the beginning of his oral ruling, he said "I do have the authority to make that [safety valve relief] judgment … but I decline to do that." Midway through his ruling he reiterated "I understand … that I … could … superimpose my judgment over hers, but I'm not inclined to do this in this case." Finally, the judge concluded his ruling by explaining "I will not exercise discretion to find the applicability of the safety valve in this case, absent the government's recommendation." His decision to deny safety valve relief was not an abdication of his judicial role merely because he adopted the government's position opposing such relief.

Moreover, the court addressed the merits of Valenzuela–Sanchez's circumstances. It noted that Valenzuela–Sanchez "got a fair trial," stated its reluctance to "set aside" the jury's verdict by "mak[ing] determinations at this point that are inconsistent with that jury finding," and expressed skepticism about Valenzuela–Sanchez's story, in particular his claim that he was promised only $200 for driving across the border.

**AFFIRMED.**