# United States Court of Appeals
## For the First Circuit

No. 08-2015

UNITED STATES OF AMERICA,

Appellee,

v.

EDGARDO SALAS-FERNÁNDEZ,
a/k/a "Baby,"

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Lipez, Selya and Howard, Circuit Judges.

Irma R. Valldejuli on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Chief, Appellate Division, and Luke Cass, Assistant United States Attorney, on brief for appellee.

September 10, 2010

**SELYA**, **Circuit Judge**.  As framed by the parties, this appeal poses two questions.  The first concerns the preclusive effect, if any, of a waiver-of-appeal provision with respect to an order for restitution.  The second concerns the appropriateness of the order itself.  We bypass the first question and uphold the order on the merits.

The background events are easily recounted.  On March 20, 2008, defendant-appellant Edgardo Salas-Fernández pleaded guilty to counts charging him with violations of 18 U.S.C. §§ 1951(a) and 924(c)(1)(A)(ii), respectively.  His plea entailed an admission that he had taken part in the armed robbery of a Loomis-Fargo bank truck, using a firearm and threats of violence.

The defendant tendered his guilty plea pursuant to a plea agreement that contained a waiver-of-appeal provision.  That provision read:

> The defendant hereby agrees that if this Honorable Court accepts this agreement and sentences him according to its terms and conditions, defendant waives and surrenders his right to appeal the judgment and sentence in this case.

The plea agreement also included a section labeled "Fines and Restitution," but that section did not specify any restitutionary amount.  Indeed, apart from that title, no mention of restitution appeared anywhere in the entire document.

Benedict Spinoza famously said, more than three centuries ago, that "[n]ature abhors a vacuum."  It is therefore unsurprising

-2-

that the presentence investigation report (PSI Report) did address the possibility of restitution. Pertinently, it recommended that the district court order the defendant to pay, "jointly and severally" with five accomplices, the sum of $944,225,[1] which sum represented the unrecovered proceeds of the robbery. Neither the defendant's sentencing memorandum nor his objections to the PSI Report addressed this recommendation.

On June 27, 2008, the district court sentenced the defendant to consecutive prison terms of forty-one and sixty-seven months on the two counts of conviction. Even though neither side had breathed a word about restitution, the court ordered the defendant to pay $157,370.83 in restitution to Loomis-Fargo "forthwith." The defendant did not object to this embellishment.

This timely appeal followed. In it, the defendant contests only the order for restitution.

As a threshold matter, the government urges that the waiver-of-appeal provision bars this appeal. Although there is a clear majority view, the circuits are divided as to whether a waiver-of-appeal provision contained in a plea agreement, which does not specifically refer to restitution, precludes a subsequent appeal of a restitutionary order. Compare United States v. Oladimeji, 463

---

[1] The PSI Report correctly states that the total amount stolen during the robbery was $944,225. However, in a later section of the PSI Report, it sets the total restitution amount at $932,225, mistakenly giving a credit to the perpetrators of $12,000.

F.3d 152, 157 (2d Cir. 2006) (allowing such an appeal), <u>United States</u> v. <u>Behrman</u>, 235 F.3d 1049, 1052 (7th Cir. 2000) (same), <u>United States</u> v. <u>Cupit</u>, 169 F.3d 536, 539 (8th Cir. 1999) (same), and <u>United States</u> v. <u>Phillips</u>, 174 F.3d 1074, 1075 (9th Cir. 1999) (same), <u>with United States</u> v. <u>Perez</u>, 514 F.3d 296, 298 (3d Cir. 2007) (barring such an appeal), <u>and</u> <u>United States</u> v. <u>Cohen</u>, 459 F.3d 490, 497 (4th Cir. 2006) (same).  The waiver-of-appeal provision here is silent on the possibility of restitution,[2] and this court has not opined on whether such a waiver precludes an appeal of an order for restitution.

We see no need to plunge into these murky waters today. Courts should not rush to decide unsettled issues, especially where a division of authority exists.  Because this appeal is easily resolved on the merits, we have the luxury of being able to bypass the preclusion issue today.  Thus, we assume without deciding that the waiver-of-appeal provision does not pretermit the prosecution of this appeal.

This is the first time that the defendant has voiced an objection to the order for restitution.  When a party has failed to interpose a timely objection in the sentencing court, we review his ensuing claim of error only for plain error.  <u>United States</u> v.

---

[2] The defendant waived the right to appeal his sentence, but the waiver provision did not specifically mention orders for restitution (although restitution is a part of the sentence, <u>see</u> 18 U.S.C. § 3663A(a)(1)).

Dávila-González, 595 F.3d 42, 47 (1st Cir. 2010); United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). To succeed under this rubric, four separate showings are required: "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Duarte, 246 F.3d at 60.

The defendant's claim that the district court erred in ordering restitution has three dimensions. He contends that the court did not adequately explain its rationale, did not apportion the restitutionary amount based on relative culpability, and overreached in directing payment "forthwith." We approach these remonstrances mindful of the terms of the relevant statute, namely, the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A.

The MVRA requires a district court to order a defendant to make restitution to victims of certain enumerated crimes of violence. The offenses of conviction in this case fall squarely within the maw of the statute. See id. § 3663A(c)(1)(A). Generically, then, restitution is available; and any ensuing order for restitution should be tailored to require return of the purloined property or its equivalent. Id. § 3663A(b).

The first defect perceived by the defendant — the absence of a detailed explication of the court's reasoning — is not a defect at all.

Restitution serves as a mechanism for making a victim whole by restoring the monetary equivalent of losses suffered in consequence of the defendant's criminal activity. See United States v. Innarelli, 524 F.3d 286, 294 (1st Cir. 2008). Determination of that monetary equivalent and ordering its payment are all that the MVRA, by its terms, requires. See 18 U.S.C. § 3664(f)(1)(A); see also Innarelli, 524 F.3d at 294. In calculating the amount, a sentencing court is not held to a standard of absolute precision. Innarelli, 524 F.3d at 294; United States v. Burdi, 414 F.3d 216, 221 (1st Cir. 2005). A "modicum of reliable evidence" will suffice. United States v. Vaknin, 112 F.3d 579, 587 (1st Cir. 1997).

To be sure, the restitutionary amount must have a rational basis in the record. Id. But that does not mean that the court must recite book and verse in making an award.

In the case at hand, simple arithmetic strips away any mystery about the origins of the amount. There were six known participants in the robbery of the bank truck, and the PSI Report put the amount of the total loss at $944,225. The court ordered the defendant to pay restitution of $157,370.83. The inference is inescapable that the court established the restitutionary amount at one-sixth of the total loss.

This brings us to the defendant's importunings about misapportionment. That claim rests on the premise that the sentencing court, for the purpose of restitution, should have

divvied up the loss to reflect the relative culpability of the six participants in the heist. The defendant says that he played a bit part and, therefore, should bear a lesser share of the restitutionary burden.

The premise on which this argument rests is patently incorrect. A sentencing court is not required to consider an individual's role in the offense when awarding restitution. See United States v. Scott, 270 F.3d 30, 52 (1st Cir. 2001); see also Tilcon Capaldi, Inc. v. Feldman, 249 F.3d 54, 62 (1st Cir. 2001). The court's objective should be to make the victim whole. See Scott, 270 F.3d at 53; see also 18 U.S.C. § 3664(f)(1)(A) ("In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court . . . ."). Where, as here, more than one offender has contributed to the victim's loss, "the court may make each defendant liable for payment of the full amount of restitution." 18 U.S.C. § 3664(h).

Of course, a sentencing court has some discretion as to how restitution should be apportioned among multiple defendants. Scott, 270 F.3d at 52. The court may consider, among other things, the relative culpability of those responsible for the loss. 18 U.S.C. § 3664(h). In the last analysis, however, the court is not required to use any particular formula for apportionment or, indeed, to apportion the loss at all.

That ends this aspect of the matter. The method that the court chose to employ here — dividing the loss equally among the responsible parties — was well within its discretion. Consequently, the defendant's misapportionment claim fails.

The defendant's final assignment of error posits that the district court overreached in ordering payment of restitution "forthwith." In this regard, he alleges that the court did not adequately consider his financial circumstances and prospects.

The MVRA requires a court, in setting out a payment schedule, to consider a defendant's financial circumstances and prospects. Id. § 3664(f)(2). But "consideration," in this context, does not require any elaborate formality. See United States v. Theodore, 354 F.3d 1, 9 (1st Cir. 2003); Vaknin, 112 F.3d at 591. In making a restitutionary order, the court need not make explicit findings or even indicate what it has considered; it suffices if the record contains relevant information about, say, the defendant's income and assets. See Theodore, 354 F.3d at 9; Vaknin, 112 F.3d at 591-92. In all events, the court enjoys broad discretion in setting a payment schedule. See United States v. Overholt, 307 F.3d 1231, 1255 (10th Cir. 2002).

In the instant case, the PSI Report included a detailed account of the defendant's economic situation. In making this appraisal, the probation officer used, among other things, a financial statement submitted by the defendant and an Equifax credit

report. The probation officer concluded that the defendant had $7,000 in equity in his residence, owned three automobiles with an estimated aggregate value of $42,000, and had few liabilities. His sole prospect for income during incarceration seemed to be the monthly lease payments ($600) for rental of his residence.

We agree with the defendant that these figures do not show ready access to the amount of restitution that he was ordered to pay "forthwith." But there is no reason to believe that the court shirked its duty to consider the defendant's financial circumstances and prospects. Moreover, "[a] defendant's impoverishment today is no assurance of future poverty, and hence, present impecuniousness is not a bar to the imposition of restitution." Vaknin, 112 F.3d at 592 (citing United States v. Brandon, 16 F.3d 409, 461 (1st Cir. 1994)).

It is permissible for a sentencing court, in fashioning a restitutionary order, to take into account a defendant's future earning capacity. United States v. Lombardi, 5 F.3d 568, 573 (1st Cir. 1993); United States v. Savoie, 985 F.2d 612, 619 (1st Cir. 1993). This tenet applies with particular force where, as in this case, the proceeds of the criminal activity have been secreted by (and presumably divided among) the malefactors, and no accounting has been made of the defendant's share. See United States v. Olson, 104 F.3d 1234, 1238 (10th Cir. 1997) (holding that, for purposes of ordering restitution, "when a defendant has secreted proceeds from

an illegal activity, the illegal proceeds are presumed assets of the defendant unless the defendant proves otherwise"); <u>United States</u> v. <u>Voigt</u>, 89 F.3d 1050, 1093 (3d Cir. 1996) (similar).

The short of it is that we find no abuse of discretion, let alone any plain error, in the district court's order to pay restitution forthwith.

We need go no further. For the reasons elucidated above, we uphold the challenged order.

**<u>Affirmed</u>**.