# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3697
_____

United States of America

*Plaintiff - Appellee*

v.

Darryl Leearl Jackson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: July 10, 2013
Filed: July 23, 2013
[Unpublished]

_____

Before BYE, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Darryl Jackson directly appeals after he pled guilty to bank robbery, and the district court,[1] after granting the Government's motion for a downward departure

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

based on substantial assistance, sentenced him to 75 months' imprisonment plus restitution in the amount of $34,256. Jackson's counsel moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), alluding to the fact that Jackson at sentencing disputed the amount of the restitution award. Jackson filed a supplemental brief, alleging a violation of his right to a speedy trial, that his plea agreement was void for failure to set a restitution amount, that his sentence is unreasonable, and that his counsel was ineffective.

Jackson's plea agreement established a sentence of 92 months, with the possibility of a downward departure upon the Government's motion. *See* Fed. R. Crim. P. 11(c)(1)(C). The plea agreement further stated "that the Court should impose an order of restitution in the amount of money stolen and not recovered" from the bank, but it did not assign a value to that calculation. Finally, the plea agreement waived Jackson's right to appeal his conviction and stated, "If the court imposes the sentence recommended by the parties, defendant also waives any and all rights to appeal defendant's sentence."

Because the precise value of "the amount of money stolen and not recovered" was not part of "the sentence recommended by the parties," the appeal as to the amount of the restitution order is beyond the scope of the appeal waiver. *See United States v. Sistrunk*, 432 F.3d 917, 918 (8th Cir. 2006). As the documentation used to determine the restitution amount appeared never to have been entered into evidence, we ordered adversarial briefing as to whether Jackson was entitled to an evidentiary hearing to determine the restitution amount. We subsequently granted the parties' request for a remand for the limited purpose of holding such an evidentiary hearing. Upon remand, the district court found, based on bank audit tapes, property transfer forms for stolen funds recovered by law enforcement, and related testimony, that the proper restitution amount was in fact $34,256. Accordingly, the district court did not modify the judgment previously entered.

Upon careful review, we find no clear error in the restitution amount as determined by the district court. *See United States v. DeRosier*, 501 F.3d 888, 896 (8th Cir. 2007) (standard of review). Moreover, we find no support for the proposition raised in Jackson's supplemental brief that the parties' plea agreement was invalid because the parties did not agree to a specific value for the restitution amount. *Cf. United States v. DeWitt*, 366 F.3d 667, 670 (8th Cir. 2004) ("Of course, parties may reach a stipulation with respect to one aspect of a sentencing proceeding (such as the quantity attributable to a particular transaction), while leaving open other issues for litigation at a sentencing hearing (such as quantity attributable based on other relevant conduct) . . . ."). Even were we to decline to enforce the appeal waiver with respect to Jackson's additional claims for a speedy-trial violation and an unreasonable sentence, we find no merit in these claims. *See Cox v. Lockhart*, 970 F.2d 448, 453 (8th Cir. 1992) (stating that a knowingly and voluntarily entered guilty plea waives a defendant's right to a speedy trial); *United States v. Cook*, 447 F.3d 1127, 1128 (8th Cir. 2006) ("[A] defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal."). Finally, Jackson's ineffective-assistance-of-counsel claim is more properly raised in a habeas proceeding. *See United States v. Looking Cloud*, 419 F.3d 781, 788 (8th Cir. 2005).

Accordingly, we affirm.[2]

_____

_____

[2]We deny Jackson's pending motion for appointment of new counsel on appeal.

-3-