NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1062
No. 13-1073
No. 13-1074
_____

UNITED STATES OF AMERICA

v.

FRANCIS X. GARTLAND,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 12-cr-00220-001, 10-cr-00713-002, 11-cr-00336-001)

District Judge: Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2013

Before: AMBRO, FISHER, and HARDIMAN, *Circuit Judges*.

(Filed: September 30, 2013)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Francis Gartland appeals the District Court's judgments of sentence in these

consolidated cases.  We will affirm.

I

Gartland was an insurance broker who, between 1998 and 2010, paid bribes to Michael Ritacco, the superintendent of the Toms River Regional School District (School District).  In return, Ritacco helped Gartland secure contracts to broker health insurance and workers' compensation coverage for the School District.  Gartland then received commission fees and other kickbacks.  As a result of this scheme and his subsequent efforts to hide the behavior from the Internal Revenue Service, Gartland was indicted for honest services mail fraud in violation of 18 U.S.C. §§ 1341 and 1346 and conspiracy to impede and impair the functions of the IRS in violation of 18 U.S.C. § 371.

In addition to his work for the School District, Gartland also was the insurance broker for the city of Perth Amboy, New Jersey and its board of education from 2001 to 2009.  In 2005 and 2006, Gartland and coconspirator Thomas O'Leary engaged in an election fraud scheme to recruit straw contributors for the congressional campaign of Joseph Vas, who was Mayor of Perth Amboy at that time.  Gartland and O'Leary would recruit individuals to contribute directly to Vas's campaign and then Gartland or O'Leary would reimburse them for the donation.  This scheme funneled approximately $30,700 in illegal contributions to Vas's campaign.  Gartland was charged with conspiracy to violate the Federal Election Campaign Act in violation of 18 U.S.C. § 371.

Finally, while prosecution was pending in the Toms River bribery case, Gartland

submitted a false affidavit averring that Ritacco had received no bribes in exchange for insurance business. This misdeed caused Gartland to be charged with perjury in violation of 18 U.S.C. § 1621.

Pursuant to a consolidated agreement with the Government, Gartland pleaded guilty to each of the aforementioned charges. In the plea agreement, Gartland acknowledged that the District Court "may order [him] to pay restitution" and agreed to "forfeit to the United States all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense." App. Vol. II at 3–4. For purposes of calculating the advisory sentencing range under the United States Sentencing Guidelines, the parties stipulated that "[t]he value of the benefits received in return for the payments was more than $2,500,000 but less than $7,000,000." App. Vol. II at 8. This resulted in an eighteen-level increase from the base offense level of twelve for honest services mail fraud. *See* USSG §§ 2C1.1(b)(2), 2B1.1(b)(1)(J). The plea agreement was clear that the stipulations "cannot and do[] not bind the sentencing judge."[1]

At sentencing on November 16, 2012, the District Court imposed a sentence of 135 months' imprisonment, but left its determination of restitution and forfeiture amounts

---

[1] The plea agreement also contained an appellate waiver. After this appeal was filed, the Government moved for summary action to enforce the waiver and dismiss the appeal. We denied that motion. Although the Government once again argues appellate waiver, we decline to decide the case on those grounds because Gartland's appeal does not fall within the scope of the waiver.

for a hearing on December 12, 2012. At that hearing, the Government sought restitution in the amount of $4,336,987.91 and forfeiture in the amount of $11,880,233.44. The Government supported its request with documentation from the Toms River School District, banks, and insurance companies. Characterizing those numbers as a "conservative" calculation, the Government noted that it did not include the School District's losses for all the years because of a lack of records.

Gartland argued that restitution and forfeiture should be limited to the amount of the bribes paid to Ritacco, which the Government estimated was between $1,000,000 and $2,500,000. Gartland also argued that any monies that were obtained as a result of the health insurance and workers' compensation contracts should not affect the restitution and forfeiture analysis because those commissions were reasonable and the School District had obtained the required services.

The District Court issued an opinion on December 17, 2012. The Court found that the Government had demonstrated by a preponderance of the evidence that the amounts of restitution and forfeiture should be $4,336,987.91 and $11,880,233.44, respectively. It entered orders to that effect on each of Gartland's three judgments. Gartland timely appealed.

## II

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Gartland raises three

arguments on appeal: (1) the Government breached the plea agreement; (2) the Government did not prove the restitution and forfeiture amounts by a preponderance of the evidence; and (3) the District Court erred by including restitution and forfeiture orders on all three judgments, not only the judgment on the honest services mail fraud and tax conspiracy conviction. We address each argument in turn.

III

Gartland first argues that the Government breached the terms of the plea agreement when it argued that he should forfeit $11,880,233.44. Gartland contends that the forfeiture was capped at $7 million because the stipulation in the plea agreement stated: "The value of the benefits received in return for the payments was more than $2,500,000 but less than $7,000,000." Because Gartland failed to raise this claim before the District Court, we review it for plain error. *See Puckett v. United States*, 556 U.S. 129, 133–34 (2009).

We conclude that the Government did not breach the plea agreement and therefore do not reach the other steps of plain error review. *See id.* at 135; Fed. R. Crim. P. 52(b). The stipulation cited by Gartland regarding the value of the benefits received was included in the plea agreement for purposes of calculating the advisory Guidelines range under USSG §§ 2B1.1(b)(1)(J) and 2C1.1(b)(2), not to limit the amount of forfeiture for which Gartland could be held responsible. Indeed, Gartland explicitly agreed that "pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461, he will forfeit to the United

5

States all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense." Section 981 makes clear that proceeds are "not limited to the net gain or profit realized from the offense," but rather "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto." 18 U.S.C. § 981(a)(2)(A); *see United States v. Vampire Nation*, 451 F.3d 189, 199–201 (3d Cir. 2006) (18 U.S.C. § 981 is made applicable to criminal forfeiture via 28 U.S.C. § 2461(c)). By contrast, "the value of the benefit received" under USSG § 2C1.1 means "the net value of such benefit," USSG § 2C1.1 cmt. n.3, which is calculated by subtracting direct costs from the gross value received, *see United States v. Lianidis*, 599 F.3d 273, 278–81 (3d Cir. 2010).

Given the distinction between "proceeds" in § 981 and "benefit" in § 2C1.1, it is unsurprising that the amount of forfeiture does not match the plea agreement's Guidelines stipulation. Absent a specific provision in the plea agreement that limits the amount of forfeiture, and none exists here, the Government was not bound to request a forfeiture amount between $2.5 million and $7 million.

IV

Gartland next argues that the Government did not prove by a preponderance of the evidence that restitution of $4,336,987.91 was due.

The Mandatory Victims Restitution Act requires courts to "order restitution to each victim in the full amount of each victim's losses." 18 U.S.C. § 3664(f)(1)(A); *see also id.*

6

§ 3663A; *United States v. Bryant*, 655 F.3d 232, 254 (3d Cir. 2011). The Government bears the burden of demonstrating the amount of loss sustained by the victim as a result of the offense. 18 U.S.C. § 3664(e). "The District Court's factual finding regarding the amount of loss is reviewed for clear error." *United States v. Vitillo*, 490 F.3d 314, 330 (3d Cir. 2007) (citing *United States v. Akande*, 200 F.3d 136, 138 (3d Cir. 1999)). To establish clear error, Gartland must show that the "restitution figure is 'completely devoid of a credible evidentiary basis or bears no rational relationship to the supporting data.'" *Id.* (quoting *United States v. Haut*, 107 F.3d 213, 218 (3d Cir. 1997)).

Gartland has not established clear error. The District Court reviewed hundreds of pages of documents provided by the School District, insurance companies, and banks. It heard testimony from the School District's attorney and business manager, who concurred with the Government's analysis. Although Gartland is correct in observing that the witnesses did not conduct their own investigation and were not part of the School District's staff at all times relevant to the bribery scheme, this neither vitiates the District Court's authority to rely on the exhibits nor seriously undermines their probity. We cannot say that it was irrational for the District Court to afford the documentary evidence substantial weight, especially in the absence of credible countervailing evidence. *See, e.g.*, *United States v. Prochner*, 417 F.3d 54, 66 (1st Cir. 2005) ("In the absence of rebuttal evidence beyond defendant's self-serving words, we cannot say the court clearly erred in accepting the PSR's calculation of the restitution amount.").

7

Because the District Court's finding need only be supported by a "'modicum of reliable evidence,'" *United States v. Salas-Fernandez*, 620 F.3d 45, 48 (1st Cir. 2010) (quoting *United States v. Vaknin*, 112 F.3d 579, 587 (1st Cir. 1977)), we will affirm its restitution order.

V

Finally, Gartland argues that the District Court erred when it attached restitution and forfeiture orders to its judgments in the election fraud and perjury cases. In his briefing, Gartland posits that this was clerical error. Accordingly, he should move the District Court to correct the judgments pursuant to Federal Rule of Criminal Procedure 36, which the Court may do "at any time." The Government is on record that it would not oppose such a motion.

VI

For the foregoing reasons, we will affirm the judgments of the District Court.

8