# United States Court of Appeals
## For the First Circuit

No. 12-1571

UNITED STATES OF AMERICA,

Appellee,

v.

JOSUÉ SÁNCHEZ-MALDONADO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

Before

Howard, Selya and Lipez,

Circuit Judges.

Carlos M. Sánchez La Costa on brief for appellant.
Rosa Emilia Rodríquez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

December 18, 2013

**SELYA, Circuit Judge.** The truth of the ancient maxim that crime does not pay is nowhere more evident than when, as in this case, the crime involves the theft of government property from the offices of the Federal Bureau of Investigation (the FBI). The tale follows.

On July 13, 2011, a federal grand jury sitting in the District of Puerto Rico returned an indictment charging the appellant, Josué Sánchez-Maldonado, and two confederates with aiding and abetting the depredation of federal property resulting in damage in excess of $20,000. See 18 U.S.C. §§ 2, 1361. To be specific, the indictment accused the defendants, who were allegedly seeking to strip and sell copper, of approaching the local office of the FBI and causing damage to an air conditioning system.

Within a matter of months, the government and the appellant advised the district court that plea negotiations had borne fruit. Shortly thereafter, they submitted a signed plea agreement. This non-binding agreement, see Fed. R. Crim. P. 11(c)(1)(A)-(B), stated in relevant part that the appellant "waives and surrenders his right to appeal the judgement and sentence in this case." That same day, a change-of-plea hearing was held before a magistrate judge. The magistrate judge recommended that the district court accept the tendered plea, and the court did so.

The probation department proceeded to prepare a presentence investigation report (the PSI Report). The PSI Report

noted, among other things, that an FBI agent had estimated the property loss at $24,000 and that "[r]estitution in the amount of $24,000 [was] owed." The same document recommended that the district court order restitution in that amount, with the order to run jointly and severally against the three malefactors. The appellant interposed no objection to any portion of the PSI Report.

At the disposition hearing, the district court sentenced the defendant to serve 30 days in prison, followed by a three-year term of supervised release. The court then allocated the suggested restitution amount equally among the three persons who were responsible for the property damage and ordered the appellant to pay his pro rata share ($8,000) in restitution to the FBI. The appellant did not object to the imposition of restitution in that amount.

This timely appeal followed. In it, the appellant seeks belatedly to challenge the restitution order.

The government's first line of defense is that the plea agreement's waiver-of-appeal provision blocks the appellant's challenge. The appellant rejoins that he agreed only to waive the right to appeal his "sentence," a term that, in his estimation, does not encompass restitution.

We have explained before that no consensus exists as to whether a waiver-of-appeal provision that explicitly applies to a sentence but omits any mention of restitution extends to orders for

restitution.  See United States v. Salas-Fernández, 620 F.3d 45, 47 (1st Cir. 2010).  When the resolution of the underlying appeal plainly dictates affirmance, we often have elected to avoid the murky waters surrounding the waiver's scope and proceeded to consider the merits of the appeal on the arguendo assumption that the waiver does not apply.  See, e.g., id. at 47-48.  We follow that prudential path today.[1]

The appellant protests that the district court's order for restitution reflects two errors under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A.  Because these claims of error are proffered for the first time on appeal, we review them only for plain error.  See Salas-Fernández, 620 F.3d at 48.  To show plain error, the appellant must demonstrate: "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings."  United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).

---

[1] Debates about whether or not a waiver-of-appeal provision extends to orders for restitution are wasteful and can easily be avoided.  A modicum of careful drafting by the government would make such debates unnecessary.  A word to the wise should be sufficient: we urge the government to expend the minimal effort that this prophylaxis would require.

The appellant's principal claim of error rests on the premise that the district court's $8,000 restitution order was not supported by reliable evidence. This claim lacks force.

In a property-destruction case like this one, the MVRA requires a district court to order restitution in the amount of the value of the affected property. See 18 U.S.C. § 3663A(b)(1)(B). Where multiple defendants contribute to the property damage, "the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." Id. § 3664(h).

A district court's calculation of restitution is not held to standards of scientific precision. See Salas-Fernández, 620 F.3d at 48. As long as the court's order reasonably responds to some reliable evidence, no more is exigible. See id.

In this instance, the district court's order relied on the $24,000 loss amount quoted in the PSI Report. That information came straight from the mouth of the victim — the FBI. The defendant did not object to this portion of the PSI Report,[2] and we

_____

[2] The appellant's acquiescence in the loss-amount figure recounted in the PSI Report also defenestrates his assertion that the government failed to carry its burden under 18 U.S.C. § 3664(e). By the statute's own terms, such a burden emerges only when a "dispute" arises as to the amount or type of restitution. Id.; see United States v. Savoie, 985 F.2d 612, 617 (1st Cir. 1993). Here, the FBI's loss estimate was uncontradicted, and an uncontradicted loss amount does not give rise to a dispute.

cannot fault the district court for its acceptance of the loss-amount figure.  See United States v. Prochner, 417 F.3d 54, 66 (1st Cir. 2005); see also United States v. Ocasio-Cancel, 727 F.3d 85, 92 (1st Cir. 2013).

The appellant's remaining contention is that the district court failed to consider his financial resources when imposing the restitution order.  This contention need not detain us.

The MVRA requires a sentencing court to consider a defendant's financial circumstances in setting a payment schedule.  See 18 U.S.C. § 3664(f)(2).  But this hurdle is not a high one. "[T]he court need not make explicit findings or even indicate what it has considered; it suffices if the record contains relevant information about, say, the defendant's income and assets."  Salas-Fernández, 620 F.3d at 49.

Given the minimalist nature of this standard, the appellant's claim of error is easily dispatched.  The PSI Report contains a detailed account of the appellant's financial condition. The district court reviewed that account and, at sentencing, ordered the appellant to pay only his pro rata share of the $24,000 loss.[3]  The court acknowledged that the appellant's economic status would make it "pretty hard for that [sum] to be restituted."  The court then left it to the probation department to work out an

_____

[3] The court could have ordered the appellant to repay the full amount.  See 18 U.S.C. § 3664(h).  The court chose instead to allocate the loss among the three miscreants.

-6-

appropriate payment schedule.[4]  Thus, the record evinces the court's keen awareness of the appellant's financial condition.  We discern no error, plain or otherwise.

We need go no further.  In the absence of any evidence to the contrary, the district court was fully entitled to rely upon the $24,000 loss-amount figure in fashioning its restitution order. By like token, the appellant's claim that the district court failed to consider his financial condition is without merit.

**Affirmed.**

---

[4]  In some circumstances, the propriety of enlisting the probation department to set a payment schedule might be problematic.  See United States v. Merric, 166 F.3d 406, 409 (1st Cir. 1999) (explaining that "the judge rather than the probation officer must have the final authority to determine the payment schedule" for a fine).  But the appellant has not pursued that issue on appeal, and we deem it waived.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990); cf. United States v. Sawyer, 521 F.3d 792, 798 (7th Cir. 2008) (holding that the lack of a set payment schedule for restitution does not amount to plain error).