# United States Court of Appeals
## For the First Circuit

No. 13-2140

UNITED STATES OF AMERICA,

Appellee,

v.

ANTHONY RAUL MORÁN-CALDERÓN,

Defendant, Appellant.


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]


Before

Lynch, Chief Judge,
Lipez and Thompson, Circuit Judges.


Jorge L. Gerena-Mendez on brief for appellant.
Rosa Emilia Rodriquez-Velez, United States Attorney,
Nelson Pérez-Sosa, Assistant United States Attorney, and John A.
Mathews II, Assistant United States Attorney, on brief for
appellee.


March 4, 2015

**LYNCH, Chief Judge**.  Anthony Raul Morán-Calderón pleaded guilty to possessing and brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).  He and three other individuals had robbed the Gran Meliá Hotel & Casino in Río Grande, Puerto Rico, and absconded with $85,291 in cash, of which Morán-Calderón's share was $10,000.  Two of the other robbers were indicted along with Morán-Calderón.

The district court sentenced Morán-Calderón to 108 months in prison and a five-year term of supervised release.  The court also ruled that Morán-Calderón and his two co-defendants would be jointly and severally liable for $85,291 in restitution pursuant to the Mandatory Victim Restitution Act of 1996 (MVRA), 18 U.S.C. § 3663A.  The court declined to impose a fine in light of Morán-Calderón's financial condition -- at the time of his arrest, Morán-Calderón had no assets, no credit history, and a weekly income of $150 from his job at a carwash.  The minute entry for the sentencing hearing reads, "[r]estitution payments will be made after completion of sentence, and if necessary, a payment plan may be agreed to with either the [probation office] or the Government. All other terms and conditions will be set in the judgment."

Morán-Calderón now appeals his sentence.[1]  He argues,

_____

[1]  Morán-Calderón's plea agreement contains an appeal waiver, but the parties agree that the waiver is unenforceable because the district court did not sentence Morán-Calderón in accordance with the terms of the plea agreement.  The plea agreement recommended a sentence of 90 months imprisonment, but the

first, that the district court erred in imposing restitution on him for $85,291 in joint and several liability with his co-defendants; and second, that the district court erred in failing to set a payment schedule for the restitution. There was no error as to the first claim. The second claim is a different matter.

The MVRA requires a sentencing court to order a defendant convicted of a "crime of violence" to make restitution to his victim. 18 U.S.C. § 3663A(a), (c). "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." Id. § 3664(f)(1)(A). Where, as here, multiple defendants have "contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." Id. § 3664(h).

The district court's calculation of the loss amount is unassailable. The Presentence Report stated that Morán-Calderón and his confederates stole $85,291 from the Gran Meliá Hotel & Casino, and Morán-Calderón did not object to that finding. "[W]e cannot fault the district court for its acceptance of the loss-amount figure." United States v. Sánchez-Maldonado, 737 F.3d 826,

court sentenced Morán-Calderón to 108 months.

-3-

828 (1st Cir. 2013); see also United States v. Salas-Fernández, 620 F.3d 45, 48 (1st Cir. 2010) (noting that "[a] 'modicum of reliable evidence' will suffice" as the basis for a restitution award (quoting United States v. Vaknin, 112 F.3d 579, 587 (1st Cir. 1997))).

Morán-Calderón argues, however, that the district court erred in adjudging him liable for the entire amount of the loss, given his financial circumstances and the extent of his participation in and financial gain from the robbery. Not so. Where multiple defendants have contributed to a loss, the district court "may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h) (emphasis added). But it does not have to do so. "[T]he court is not required to use any particular formula for apportionment or, indeed, to apportion the loss at all." Salas-Fernández, 620 F.3d at 49.

Morán-Calderón also attacks the district court's failure to set immediately a payment schedule pursuant to 18 U.S.C. § 3664(f)(2), which requires a sentencing court to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid," taking into consideration "(A) the financial resources and other assets of the defendant . . .; (B) projected earnings and other income of the

-4-

defendant; and (C) any financial obligations of the defendant;
including obligations to dependents."

The district court did not set a schedule, but merely
ordered that Morán-Calderón begin making restitution payments when
he completes his prison sentence and that, "if necessary, a payment
plan may be agreed to with either the [probation office] or the
Government." Although it does not clearly articulate the argument,
Morán-Calderón's brief cites several cases from other circuits
which hold that it is improper for a district court to delegate its
discretion to set restitution payment schedules to the probation
office. See, e.g., United States v. Prouty, 303 F.3d 1249, 1254-55
(11th Cir. 2002); United States v. McGlothlin, 249 F.3d 783, 784-85
(8th Cir. 2001). That is the law in this circuit as well. In
United States v. Merric, 166 F.3d 406 (1st Cir. 1999) (Boudin, J.),
"we join[ed] the other circuit courts that have held that it is the
inherent responsibility of the judge to determine matters of
punishment and this includes final authority over all payment
matters." Id. at 409. "Because . . . the judge rather than the
probation officer must have the final authority to determine the
payment schedule," we vacate the sentence and remand. See id.[2] On
remand, the district court should amend its judgment to make its
"reservation of authority explicit." See id.

Vacated and remanded.

---

[2] The government does not oppose this course of action.

-5-