**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-1585

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS A. TORRES-SANTONI,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Torruella, Thompson, and Kayatta,
Circuit Judges.

Eric Alexander Vos, Federal Public Defender, District of Puerto Rico, Vivianne M. Marrero, Assistant Federal Public Defender, Supervisor, Appeals Section, and Liza L. Rosado-Rodriguez, Research and Writing Specialist, on brief for appellant.

Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Julia M. Meconiates, Assistant United States Attorney, on brief for appellee.

December 23, 2016

**KAYATTA**, **Circuit Judge**.        Carlos Torres-Santoni ("Torres") appeals his sentence of 120 months' imprisonment for conspiring to import cocaine into the United States.  He argues that the district court erred in denying him a safety-valve adjustment pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. However, Torres's plea agreement makes clear that he is eligible for safety-valve relief only if he fully complied with the statutory safety-valve requirements, and the record does not support reversal of the district court's determination that Torres failed to do so.  Seeing no reason to vacate Torres's sentence on the grounds that he has presented, we affirm.

On January 20, 2015, Torres pled guilty to one count of conspiracy to import five kilograms or more of cocaine into the United States in violation of 21 U.S.C. §§ 963, 952(a), 960(a)(1), and 960(b)(1)(B).  He subsequently received the statutory minimum sentence of 120 months' imprisonment under 21 U.S.C. §§ 963 and 960(b)(1)(B).  Torres's sole argument on appeal is that he was entitled to a safety-valve adjustment under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, which would have allowed the court to sentence him based on a guidelines sentencing range of 87 to 108 months' imprisonment without regard to the 120-month minimum sentence that would otherwise control.

The government's initial response to this argument is that Torres's plea agreement contained a waiver of appeal that

- 2 -

bars him from challenging his sentence.  The plea agreement states as follows:  "The defendant hereby agrees that if this Honorable Court accepts this Plea Agreement and sentences him according to its terms, conditions and recommendations, defendant waives and surrenders his right to appeal the judgment and sentence in this case."  A supplement to the plea agreement further states that "the Court may impose a sentence of imprisonment below any statutory minimum term only if the defendant fully complies with all the requirements of the safety-valve provisions."

The parties disagree as to how this language bears on Torres's ability to appeal the district court's decision that he did not satisfy those requirements.  Rather than resolving this disagreement, however, we affirm the sentence on the grounds that, even if the waiver were not to apply, Torres's appeal would fail on its merits.  See, e.g., United States v. Sánchez-Maldonado, 737 F.3d 826, 827-28 (1st Cir. 2013) ("When the resolution of the underlying appeal plainly dictates affirmance, we often have elected to avoid the murky waters surrounding the waiver's scope and proceeded to consider the merits of the appeal on the arguendo assumption that the waiver does not apply.").

First, we reject Torres's argument that the district court simply accepted the government's position that the safety-valve requirements were not met rather than making that determination on its own.  Torres is correct that the district

- 3 -

court initially implied that it might defer to the government's assessment. The record also makes clear, though, that the district court did ultimately exercise its own "authority and discretion, independent of the prosecutor's recommendation, to grant safety valve relief."  See United States v. Valenzuela-Sanchez, 245 F. App'x 678, 680 (9th Cir. 2007) (memorandum opinion).  The court suggested at sentencing that "a reasonable person could reach the conclusion under [the documents the government put forth] that [Torres] did not comply with the safety valve," and further expressed its view that defense counsel's statement that Torres "was not comfortable talking about others" constituted "the end of the story" on the safety valve. Additionally, in denying Torres's motion for reconsideration,[1] the district court explicitly stated that it was "aware that it has the final word" on safety-valve relief, and that "it is evident that the government failed to recommend the adjustment because the defendant refused to talk about other people" involved in the same conspiracy.  On this record, we cannot find support for Torres's contention that the district court failed to make its own assessment of the evidence.

Second, we also find ourselves unpersuaded by Torres's alternative argument that the evidence provides insufficient factual support for the finding that he did not satisfy the five

---

[1] Torres's motion advanced the same legal argument he advances here.

safety-valve requirements. One of the requirements that Torres must have satisfied to receive safety-valve relief is that he "truthfully provide[] to the Government all information and evidence [he] ha[d] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). The record, which we have independently reviewed, supports the district court's factual determinations that Torres was not forthcoming when responding to questions about other individuals allegedly involved in the same conspiracy and was otherwise not truthful about his own role in the drug-trafficking enterprise. Thus, the district court did not clearly err in concluding that Torres failed to qualify for safety-valve relief. See, e.g., United States v. Padilla-Colón, 578 F.3d 23, 29 (1st Cir. 2009) ("We review for clear error safety-valve determinations to the extent they depend on findings of fact.").

Because the district court committed neither legal nor factual error in denying Torres the safety-valve adjustment, we affirm the sentence imposed below.