EDWARD C. PRADO, Circuit Judge:
Sergio Fernando Lagos challenges the district court’s order of restitution imposed following his guilty plea to one count of conspiracy to commit wire fraud and to five counts of wire fraud. 'See 18 U.S.C. §§ 2, 1343, 1349. He contends that the Mandatory Victims Restitution Act (“MVRA”) does not authorize restitution for the legal, expert, and consulting fees incurred by the victim-lender, General Electric Capital Corporation (“GECC”), in investigating the fraud or its legal fees from the bankruptcy proceedings caused by the fraud. Because the restitution ordered in this case is consistent with payments upheld in our past cases, we affirm.
L
A
The legality of a restitution award is reviewed de novo. United States v. Espinoza, 677 F.3d 730, 732 (5th Cir. 2012). The MVRA instructs a sentencing court to order restitution for a victim’s “actual loss directly and proximately caused by the defendant’s offense of conviction.” United States v. Sharma, 703 F.3d 318, 323 (5th *322 Cir. 2012); 18 U.S.C. § 3663A(a)(2). This includes “lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.” 18 U.S.C. § 3663A(b)(4).
According to Lagos, the forensic expert fees, legal fees, and consulting fees incurred by GECC should not have been included because they are “consequential damages.” His reliance on United States v. Schinnell, 80 F.3d 1064, 1070 (5th Cir. 1996), however, is misplaced because the basis for the restitution award in that case was the Victim and Witness Protection Act (“VWPA”), 18 U.S.C. § 3663(b)(1), not § 3663A(b)(4) and the MVRA.
In our Circuit, the scope of restitution under subsection 3663A(b)(4) is controlled by United States v. Phillips, 477 F.3d 215 (5th Cir. 2007). In upholding an award of restitution to the University of Texas imposed on a computer hacker, this Court in Phillips cited § 3663A(b)(4), which authorizes restitution of expenses incurred while participating in the investigation or prosecution of the offense. 477 F.3d at 224. It concluded that the University of Texas “was a victim, and it collaborated with the investigation and incurred costs to notify other victims of [the hacker’s] data theft in order to determine whether they had suffered further damage.” Id. As the Court explained, while “consequential damages” are not properly recoverable under Schin-nell, that case did not involve the application of § 3663A(b)(4). Id. In distinguishing Schinnell, this Court gave a broad reading to § 3663A(b)(4), allowing not only the cost of the investigation but also the cost of contacting those whose information was compromised to be included in the restitution award.[1]
In unpublished decisions following Phillips, this Court has upheld restitution awards that encompassed attorneys’ fees and other expenses stemming from the investigation and prosecution of the offense. United States v. Herrera, 606 Fed.Appx. 748, 752-53 (5th Cir. 2015) (per cu-riam) (affirming investigative audit costs as part of restitution where investigative audit was a fundamental component of investigation of defendant’s theft of federal funds); United States v. Dwyer, 275 Fed.Appx. 269, 271-72 (5th Cir. 2008) (affirming in the restitution award costs of margin calls, attorneys’ fees, and accounting fees arising from defendant’s bank fraud under plain error standard of review).
Lagos admitted that for two years, he and his co-conspirators misled GECC about the value of their accounts receivable to induce GECC to increase the amount of the revolving loan and to provide him and his co-defendants with uncol-lateralized funds. Their wire fraud scheme caused GECC to employ forensic experts to secure and preserve electronic data as well as lawyers .and consultants to investigate the full extent and magnitude of the fraud and to provide legal advice relating to the fraud. Fees incurred by GECC during the investigation of the fraud were necessary and compensable in the restitution award. See 18 U.S.C. § 3663A(b)(4).
Likewise, the district court correctly included GECC’s legal fees incurred in the related bankruptcy proceedings in the restitution award under subsections 3663A(a)(2) and (b)(4). In its victim impact *323 statements, GECC described how the defendants’ fraudulent scheme directly-caused the defendants’ companies (the GECC borrowers) to file for bankruptcy. The bankruptcy court ordered GECC to continue to make advances to the defendants’ companies during the bankruptcy proceedings. Thus, the district court correctly determined that the legal fees incurred by GECC during the related bankruptcy proceedings were directly caused by the defendants’ fraud for purposes of restitution. See 18 U.S.C. § 3663A(a)(2), (b)(4); Sharma, 703 F.3d at 323 (authorizing restitution for losses “directly and proximately caused by the defendant’s offense[s] of conviction”).
We note that the D.C. Circuit takes a narrower view of restitution under subsection 3663A(b)(4). United States v. Papagno, 639 F.3d 1093 (D.C. Cir. 2011).[2] Whatever the merits of the contrary reasoning in Papagno, this panel is bound by this Court’s .prior decision in Phillips and will follow it here.
B
In the alternative, Lagos argues that even if the MVRA authorizes restitution for GECC’s legal, expert, and consulting fees, the district court improperly relied upon unsigned, unverified victim-impact statements submitted by GECC to calculate the restitution award. But Lagos never challenged the fee amounts alleged in the victim-impact statements on these grounds. The district court was entitled to rely on the unrebutted victim-impact statements to support the restitution award. See Sharma, 703 F.3d at 324 n.21. GECC submitted to the district court an accounting of the names of the law firms and consultants retained and the nature of the work performed in support of its investigative fees and its fees incurred from the bankruptcy proceedings directly caused by Lagos’s wire fraud scheme. Lagos’s claim that the district court failed to subject the victim-impact statements to the appropriate level of scrutiny is without merit.
II.
Finally, the Government urges the court to remand this case for the district court to correct a mathematical error in the restitution total. The district court adopted a restitution total of $15,970,517.37, an amount urged by the Government at sentencing, but the restitution amount supported by the itemization in the victim-impact statements is actually $104.62 lower than the amount imposed by the district court. Lagos does not address the issue at all, and, as stated, he never challenged the specific fee amounts listed in the victim-impact statements before the district court. While this court requires that every dollar included in a restitution award be supported by record evidence, see Sharma, 703 F.3d at 323, by failing to challenge the fee amounts before the district court or here, Lagos has waived the issue, see United States v. Scroggins, 599 F.3d 433, 446 (5th Cir. 2010).
[[Image here]]
Based on the foregoing, the judgment of the district court is AFFIRMED.

. Notably, the opinion in Phillips provided a second reason for upholding the award: the hacker violated the Computer Fraud and Abuse Act ("CFAA”), which contains its own definition of "loss” that encompasses the "cost of responding to an offense.” 477 F.3d at 224-25. However, the unpublished decisions that have followed Phillips did not arise from convictions under the CFAA.

. This restrictive reading, however, is unique among the circuits, several of which have come to the opposite conclusion, although without the benefit of Papagno's reasoning regarding internal investigations. See United States v. Elson, 577 F.3d 713, 726-29 (6th Cir. 2009); United States v. Hosking, 567 F.3d 329, 331-32 (7th Cir. 2009); United States v. Stennis-Williams, 557 F.3d 927, 930 (8th Cir. 2009); United States v. Amato, 540 F.3d 153, 159-63 (2d Cir. 2008); United States v. Gordon, 393 F.3d 1044, 1056-57 (9th Cir. 2004); see also United States v. Gupta, 925 F.Supp.2d 581, 584 (S.D.N.Y. 2013).