# United States Court of Appeals
## For the First Circuit

No. 17-1519

UNITED STATES OF AMERICA,

Appellee,

v.

XAVIER GONZÁLEZ-CALDERÓN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

Before

Thompson, Circuit Judge,
Souter,* Associate Justice,
and Lipez, Circuit Judge.

Ignacio Fernández de Lahongrais on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana
E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, and Francisco A. Besosa-Martínez, Assistant
United States Attorney, Senior Appellate Counsel, on brief for
appellee.

April 3, 2019

    * Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

**LIPEZ, Circuit Judge**. Xavier González-Calderón was charged with crimes arising from a conspiracy to steer telecommunications contracts with the House of Representatives of Puerto Rico (the "House") to a company controlled by a co-conspirator, 3 Comm Global, Inc. ("3 Comm"), through a rigged bidding process. He pleaded guilty and was ordered to pay mandatory restitution of $408,208.42 pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A(a)(1), (c)(1)(A) & (B). On appeal, he asks us to vacate the restitution order and remand for a new calculation of restitution. We affirm.

González-Calderón did not object to the restitution amount at sentencing; hence, we review for plain error.[1] See United States v. Salas-Fernández, 620 F.3d 45, 48 (1st Cir. 2010). He must therefore show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected [his] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). His appeal fails at the

---

[1] We assume without deciding, favorably to González-Calderón, that his conceded failure to object to the district court's restitution award constituted forfeiture rather than waiver. We therefore do not opine on whether the government's waiver argument, which focuses on his failure to object to the restitution recommendation in the Presentence Investigation Report, is correct.

first step because we discern no error in the district court's restitution calculation.

Generally, a restitution order pursuant to the MVRA is proper if it is "record-based and constitutes a fair appraisal of [the victim's] actual losses."  United States v. Naphaeng, 906 F.3d 173, 182 (1st Cir. 2018); see also id. at 179 (stating that restitution under the MVRA "is designed to compensate the victim, not to punish the offender," and is thus calculated based on the victim's actual losses).  Although the government bears the burden of proving actual loss by a preponderance of the evidence, see 18 U.S.C. § 3664(e), "[a] district court's calculation of restitution is not held to standards of scientific precision," United States v. Sánchez-Maldonado, 737 F.3d 826, 828 (1st Cir. 2013).  Rather, we consider only whether the restitution award has "a rational basis in the record."  Salas-Fernández, 620 F.3d at 48.  Specifically, we assess whether the award is supported by "a modicum of reliable evidence," Naphaeng, 906 F.3d at 179 (quoting United States v. Vaknin, 112 F.3d 579, 587 (1st Cir. 1997)), and whether the district court has made "a reasonable determination of appropriate restitution by resolving uncertainties with a view towards achieving fairness to the victim," United States v. Alphas, 785 F.3d 775, 787 (1st Cir. 2015) (quoting United States v. Burdi, 414 F.3d 216, 221 (1st Cir. 2005)).

González-Calderón contends that the district court erred by calculating the restitution amount based on the conspiracy's pecuniary gain, "the gross amount earned by the conspiracy (the full value of the property and services acquired)," rather than on the actual pecuniary loss sustained by the House, i.e., the victim. Although he does not dispute that "the gross amount earned by the conspiracy" as a result of the rigged bidding process -- that is, the total amount paid by the House for the installation and servicing of a new telecommunications system -- was $482,208.42, he argues that the payment amount is not equivalent to the victim's actual loss. To that end, he asserts that the rigged bidding system resulted in the delivery of a telecommunications system that the House continues to use, at a lower price than that offered by other bidders.

It is true that "restitution should not be ordered if the loss would have occurred regardless of the defendant's misconduct"; there must be a but-for connection between the defendant's fraud and the victim's pecuniary harm. Alphas, 785 F.3d at 786 (quoting United States v. Cutter, 313 F.3d 1, 7 (1st Cir. 2002)). However, the record supports the conclusion that the House would not have initiated a bidding process for a telecommunications system if not for the conspiracy. The uncontested allegations underlying the charges to which González-Calderón pleaded guilty suggest that the conspirators

concocted the need for a new telecommunications system with the goal of steering contracts to 3 Comm. In other words, the record supports the conclusion that the conspiracy was the but-for cause of the House's telecommunications payments. González-Calderón has not pointed to any authority or support for the proposition that the payments do not constitute a loss merely because the House continues to use the telecommunications system installed by 3 Comm. He also has failed to develop any alternative argument that certain amounts should have been deducted from the restitution calculation as "legitimate" payments notwithstanding the conspiracy. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (holding that arguments not sufficiently developed on appeal are deemed waived).

Finally, we are unconvinced by González-Calderón's contention that his position draws support from United States v. Kilpatrick, 798 F.3d 365 (6th Cir. 2015). In Kilpatrick, the Sixth Circuit reversed a restitution award because the sentencing court concededly used the defendant's gain as a proxy for the victim's actual loss where there was essentially no evidence concerning that loss. 798 F.3d at 389-90. The appellate court, however, recognized that, in some cases, a "defendant's gain can act as a measure of . . . the victim's loss." Id. at 390 (emphasis added). In this case, as we have explained, the record supports

a determination that the dollar amount pocketed by the conspirators is a reasonably accurate measure of the victim's actual loss.

We therefore affirm the district court's award of $408,208.42 in restitution.[2]

So ordered.

---

[2] We agree with González-Calderón's assumption that the district court calculated the restitution award based on the amount of the payments made by the House of Representatives -- $482,208.42 -- but inadvertently ordered payment of $408,208.42.  There is nothing in the record that would otherwise explain the $74,000 discrepancy.  The government has not challenged this "oversight," which benefits González-Calderón.  In any event, whether the district court intended to award $482,208.42, or simply meant to use that amount as a starting point before slightly reducing the award, our analysis remains unchanged.  The record supports an award of $482,208.42, and there is no reason to conclude that a slightly reduced award constitutes plain error prejudicing González-Calderón.