**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30141 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00160-JLR-3 |
| v. | |
| WILLIAM S. POFF, | MEMORANDUM[*] |
| Defendant-Appellant. | |

On Remand from the United States Supreme Court

Before: GOULD, PAEZ, and CHRISTEN, Circuit Judges.

William S. Poff appeals from an order directing the Bureau of Prisons to turn over the funds in his inmate trust account to the Clerk of the United States District Court for the Western District of Washington for payment of his court-ordered restitution. On March 7, 2018, we issued a memorandum disposition affirming the district court's order. *United States v. Poff*, 727 F. App'x 249 (9th Cir. 2018). In January 2019, the Supreme Court vacated the judgment and remanded the case "for further consideration in light of" its recent decision in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Lagos v. United States*, 584 U.S. ____, 138 S. Ct. 1684 (2018). *See Poff v. United States*, 139 S. Ct. 790 (mem.) (2019).

We have considered the Supreme Court's decision in *Lagos* and are unpersuaded that it changes the analysis in the present case. *Lagos* considered and interpreted the statutory language in 18 U.S.C. § 3663A(b)(4) of the Mandatory Victims Restitution Act (MVRA), a different provision than the one at issue here. 138 S. Ct. at 1687. Section 3663A(b)(4) considers the type of losses a crime victim may recover through restitution. *Id.* at 1688 (holding that "expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense" is limited to government investigations and criminal proceedings (emphasis omitted) (quoting § 3663A(b)(4))). Here, by contrast, we consider the sources from which a crime victim may recover court-ordered restitution. *Lagos* also declined to adopt a broad reading of § 3663A(b)(4) based, in part, on the administrative burdens inherent in inviting courts to determine which of a victim's expenses were necessarily incurred or which proceedings were sufficiently "related to the offense" to be eligible for restitution. *Id.* at 1689. None of those concerns are present here.

*Lagos* reiterated the MVRA's "broad purpose . . . 'to ensure that victims of a crime receive full restitution,'" 138 S. Ct. at 1689 (quoting *Dolan v. United States*,

560 U.S. 605, 612 (2010)), merely adding the admonition that "a broad general purpose of this kind does not *always* require us to interpret a restitution statute in a way that favors an award," *id.* (emphasis added). Poff does not challenge the restitution award; he argues that he cannot be compelled to turn over his disability-benefits payments to satisfy that award.

Section 3664(n) of the MVRA requires a person who "receives *substantial resources from any source, including inheritance, settlement, or other judgment*, during a period of incarceration . . . to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n) (emphasis added). Poff contends that the district court erred by allowing the government to seize funds from his inmate trust account because his veterans disability payments were not within the scope of § 3664(n).

We are persuaded by the Fifth Circuit's analysis in *United States v. Hughes* that § 3664(n) "refers to windfalls or sudden financial injections . . . that become 'suddenly available'" to the defendant. 914 F.3d 947, 951 (5th Cir. 2019) (citation omitted). As the Fifth Circuit noted, the examples in § 3664(n)—"inheritance, settlement, or other judgment"—share a similar quality. *Id.* Applying the *noscitur a sociis* canon, these words should be given the "meaning that makes them

similar."[1] Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 195 (2012). The three statutory examples share the relevant characteristic of a one-time, lump-sum payment—a category that would not include, for example, periodically paid prison wages. *Hughes*, 914 F.3d at 951. Read in conjunction with the surplusage canon, which cautions against "an interpretation that renders [a provision] pointless," Scalia & Garner, at 176, we are satisfied that Congress would not have included those three examples if it intended § 3664(n) to apply more broadly.

The district court granted the government's turnover motion for the full amount in Poff's inmate trust account: $2,663.05. But the record is unclear about the source of the funds seized from Poff's inmate trust account. It is unclear whether all of the funds were service-related disability payments from the Department of Veterans Affairs, and some of the funds may have been Poff's prison wages.

---

[1] Poff urges the application of *ejusdem generis*. We decline to apply that canon. "In all contexts other than the pattern of specific-to-general, the proper rule is to invoke the broad associated-words canon, not the narrow *ejusdem generis* canon." Scalia & Garner, at 205. Here, the language we interpret proceeds from the general to the specific: "resources from any source, including inheritance, settlement, or other judgment." 18 U.S.C. § 3664(n).

To the extent any of Poff's $2,663.05 account balance is comprised of accumulated prison wages, we agree with the Fifth Circuit that those funds do not qualify under § 3664(n). *See Hughes*, 914 F.3d at 951.[2] To the extent the account balance is comprised of disability benefits payments, those payments were not disclosed to the district court when Poff's payment schedule was established, despite several requests to Poff for information about his ability to pay restitution.

We leave it to the district court on remand to determine the exact composition of the account balance and to determine if the government's turnover motion is properly considered pursuant to § 3664(n) or if the disability benefits payments constitute a "material change in the defendant's economic circumstances," better addressed pursuant to § 3664(k), which provides a mechanism for the court to "adjust the [restitution] payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k); *see also United States v. Holden*, 908 F.3d 395, 405 (9th Cir. 2018).[3]

---

[2] Notably, in *Hughes*, unlike here, the district court ordered immediate turnover of all funds "with a $200 carve out for Hughes's telephone and commissary needs." 914 F.3d at 949. By contrast, the district court in this case ordered immediate turnover of the full balance in Poff's account, leaving him with a $0.00 balance.

[3] We do not read *Holden* to have decided that § 3664(n) applies only to "unexpected windfalls," but merely to note, in dicta, that the language from the provision allows for recovery of windfalls that a defendant may receive.

**VACATED AND REMANDED.**