# United States Court of Appeals
## For the First Circuit

No. 19-1929

IN RE: AKEBIA THERAPEUTICS, INC.,

Petitioner.

PETITION FOR WRIT OF MANDAMUS
TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Indira Talwani, U.S. District Judge]

Before

Thompson, Barron,
Circuit Judges.[*]

Michael L. Fitzgerald, with whom R. Daniel O'Connor, Patrick Welsh, Scott Grannemann, and Ropes & Gray LLP were on brief, for petitioner.

November 20, 2020

---

[*] Judge Torruella heard oral argument in this matter and participated in the semble, but he did not participate in the issuance of the panel's opinion in this case. The remaining two panelists therefore issued the opinion pursuant to 28 U.S.C. § 46(d).

THOMPSON, **Circuit Judge**.  This petition for a writ of mandamus asks us to consider whether the district court properly determined an award of restitution to a corporate victim of a securities fraud conspiracy.  The United States government, on behalf of Akebia Therapeutics, Inc., a biopharmaceutical company, sought reimbursement of $312,899.22 pursuant to the Mandatory Victims Restitution Act (MVRA).  The requested reimbursement was for fees Akebia paid to attorneys it hired for assistance and advice while Akebia responded to requests for information during the government's investigation of suspected insider trading activities and provided evidence during the government's prosecution in United States v. Chan, et al., D. Mass. No. 16-cr-10268.  The district court awarded Akebia approximately half of the attorney's fees for which it had sought reimbursement.  Dissatisfied, Akebia filed a petition for a writ of mandamus in this court pursuant to the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771(d)(3), requesting a vacatur of the district court's restitution order and a reconsideration of some of the categories the district court did not allow.

For the reasons we explain below, we affirm.[1]

---

[1] Akebia, the government, and the defendants in the underlying case agreed to waive the usual 72-hour deadline we have under 18 U.S.C. § 3771(d)(3) to decide whether to grant the petition for a writ of mandamus.  This Court acknowledged the waiver in its order entered on October 3, 2019 and clarified on October 28, 2019.  See United States v. Aguirre-González, 597 F.3d 46, 55 (1st Cir. 2010)

**BACKGROUND**

In July 2018, a jury convicted Akebia's former Director of Biostatistics of conspiracy to commit securities fraud as well as three separate counts of securities fraud, convictions which we uphold today in a separately released opinion.[2]  During the sentencing phase of the prosecution, the government included a request for restitution on Akebia's behalf.  Ropes & Gray LLP submitted a letter in support of Akebia's request for restitution, explaining Akebia had spent a lot of money to assist the government with the investigation and prosecution and made efforts to minimize its expenses by using its own employees as well as contract attorney firms for as much of the required document production requested by the government as possible.  The letter asserted Akebia's expenses were reasonable, necessary, and foreseeable.

The defendants, Schultz Chan and Songjiang Wang, objected to the request and, after a hearing, the district court issued an initial order, separating the categories of expenses

_____

(acknowledging the precatory rather than mandatory nature of the 72-hour timeframe provided in 18 U.S.C. § 3771(d)(3)).  In those same orders, this Court denied the motion to consolidate this petition with the appeals from the underlying criminal convictions in United States v. Chan, et al., Nos. 18-2232, 18-2233, 19-1910, 19-1911, instead promising to coordinate the cases as best as possible.  Our opinion in Chan issued today as well.

[2] The same jury convicted the biostatistician's friend, who had been the leader of a statistical programming group at a different biopharmaceutical company, of one conspiracy count and two counts of securities fraud.

Akebia requested for reimbursement into two buckets: Either reimbursable or excluded as not necessary and foreseeable expenses. The district court deemed the following categories of expenses reimbursable as a foreseeable result of the defendants' conduct:

- "[C]osts of compiling and producing documents in response to government requests for those documents in connection with the criminal investigation";
- "[C]osts incurred in connection with Akebia employees' preparation for interviews by the government prosecutors";
- "[C]osts incurred by Akebia as part of the restitution proceedings."

The district court also declared a few categories to be outside the scope of the MVRA and therefore not reimbursable:

- Fees and costs for outside counsel and summer associates to attend criminal proceedings
- Fees related to a Freedom of Information Act request
- Fees for a background check for a potential employee
- Fees for insurance coverage analysis
- Costs for public relations
- Advice about state privacy laws
- Office supplies
- Fees for paralegals, clerks, summer associates, associates, partners, and litigation support analysts to read the indictment and other filings and prepare reports on same
- Bills for taxis for attorneys working late on tasks other than document production and preparation of employees for interviews with the government.

The district court ordered the government to resubmit Akebia's request in accordance with the parameters the court had set forth.

The government resubmitted Akebia's request but objected to the district court's declaration that Akebia's outside

- 4 -

counsel's fees and costs for observing the trial proceedings fell outside the scope of the MVRA. Ropes & Gray LLP also again submitted a letter on Akebia's behalf, explaining the resubmission of the request for reimbursement included expenses only for the categories the district court had deemed reimbursable and asking the district court to reconsider its decision to exclude fees for outside counsel's attendance at the criminal proceedings.

On August 22, 2019, the district court issued a Memorandum and Order, awarding Akebia approximately half of the restitution requested ($170,476.36) and doubling down on its conclusion that the fees for the hours outside counsel spent watching and reporting on the criminal proceedings were neither reasonable nor foreseeable under the MVRA. The district court closely reviewed Akebia's request for restitution, discussing it category by category and explaining her reasoning as she went. She ultimately approved the following:

- 117.25 hours of non-attorney time to physically compile and produce documents requested by the government.
- 158.5 hours of attorney time – a close call but she concluded the government met its burden to show this time was necessary.
- Hours for Akebia employees to be prepped for interviews with government prosecutors because this time was deemed necessary.
- Transportation costs for attorneys to get to court to watch trial proceedings.
- 20% of the requested attorney time spent on seeking restitution because the full amount requested was deemed unreasonable.

- Attorney and non-attorney time allowed to be paid at the lowest number provided for each individual or position's hourly-rate range.

The district court denied the following requests:

- Expenses incurred before June 8, 2016 because Akebia had no contact with the DOJ before then.
- Certain entries for attorney and non-attorney time deemed insufficiently explained.
- Hours for attorney and non-attorney time preparing witnesses for trial because this was the purview of the government prosecutors, not private counsel.
- Attorney hours claimed to attend and report on the trial proceedings because these were neither necessary nor foreseeable expenses and were deemed a luxury.
- 80% of the requested attorney time spent on seeking restitution.

Akebia, unhappy with the restitution award amount, hopes we will decide the district court erred, and "require defendants to reimburse [it] for its necessary expenses."

## DISCUSSION

The MVRA requires defendants convicted of a variety of offenses (property and fraud included) to "reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4). The purpose of restitution is to "make the victim whole" by reimbursing the actual loss the victim suffered because of a defendant's criminal activity. United States v. Salas-Fernández, 620 F.3d 45, 48-49 (1st Cir. 2010). In calculating the dollar amount to be awarded, the district court

need not be absolutely precise. Id. (citing United States v. Innarelli, 524 F.3d 286, 294 (1st Cir. 2008)). Furthermore, what constitutes sufficiently foreseeable expenses for reimbursement must be decided on a "case by case" basis, "in a fact-specific probe." United States v. Newell, 658 F.3d 1, 31 (1st Cir. 2011) (quoting United States v. Vaknin, 112 F.3d 579, 589-90 (1st Cir. 1997), abrogated on other grounds by United States v. Anonymous Defendant, 629 F.3d 68 (1st Cir. 2010)); United States v. Cutter, 313 F.3d 1, 7 (1st Cir. 2002).

When a crime victim is not happy with the district court's restitution order, "a petition for a writ of mandamus under the CVRA is the exclusive mechanism for appellate review of sentencing orders affecting crime victims' rights." United States v. Aguirre-González, 597 F.3d 46, 48 (1st Cir. 2010). The statute authorizing the petition directs us to "apply ordinary standards of appellate review." 18 U.S.C. § 3771(d)(3). And so, we will examine the final restitution order for abuse of discretion, reviewing the relevant factual findings for clear error and any legal conclusions drawn by the district court de novo. United States v. Chin, 965 F.3d 41, 59 (1st Cir. 2020) (citing United States v. Soto, 799 F.3d 68, 97 (1st Cir. 2015)). Ultimately, we consider whether the district court made "a reasonable determination of appropriate restitution by resolving uncertainties with a view towards achieving fairness to the

victim," including "whether the restitution award has 'a rational basis in the record.'" United States v. González-Calderón, 920 F.3d 83, 85 (1st Cir. 2019) (first quoting United States v. Alphas, 785 F.3d 775, 787 (1st Cir. 2015), then quoting Salas-Fernández, 620 F.3d at 48).

Akebia says there are two errors in the district court's restitution order that need to be fixed: (1) the district court applied the wrong precedent; and (2) the district court abused its discretion when it disallowed some of the expenses Akebia had requested. We'll begin our work with a fresh look at the applicable law before addressing each purported error.

A few months before the district court evaluated Akebia's request for reimbursement of its expenses for outside counsel pursuant to the MVRA, the Supreme Court considered whether money spent by a corporation on a private investigation is reimbursable as "necessary . . . other expenses" under the MVRA. United States v. Lagos, 138 S. Ct. 1684, 1687 (2018). The Court held the MVRA "does not cover the costs of a private investigation that the victim chooses on its own to conduct" because, after a close examination of the wording in § 3663A(b)(4), it concluded "investigation" is limited to investigations undertaken by the government and "proceedings" is limited to criminal proceedings. Id. at 1688-90. The Court also emphasized the statute's focus on necessary expenses "incurred during [the victim's] participation

- 8 -

in the investigation or prosecution of the offense." Id. at 1690 (emphasis in original).

The district court read Lagos to require it to now place a heavy weight on whether the kinds of expenses claimed by the victims were "necessary," concluding the cases cited by the government and Akebia predated Lagos and therefore only emphasized whether the expenses were foreseeable. The district court also concluded, as a matter of law, that attorney's fees should not be categorically included or excluded as a whole; instead, attorney's fees would be awarded under the MVRA "when, and only when, they are necessary expenses."

Akebia cries foul.

Prior to Lagos, our court has said that "expenses qualifying for restitution are not unlimited, . . . [but] will pass muster if they would not have been incurred in the absence of the offense, were not too attenuated in fact or time from the crime, . . . and were reasonably foreseeable." United States v. Janosko, 642 F.3d 40, 42 (1st Cir. 2011) (internal quotation marks and citations omitted). According to Akebia, the district court concluded Lagos abrogated Janosko and erred when it applied Lagos because the Supreme Court case was clearly focused on the narrow question of whether § 3663A(b)(4) applied to requests for reimbursement for expenses from private investigations and did not shed any light on the kinds of expenses stemming from a government-

- 9 -

agency-driven investigation and subsequent criminal proceedings that are properly categorized as "necessary." Akebia insists the district court needed to look no further than Janosko to know which criteria to apply to determine whether the expenses Akebia claimed were in fact "necessary" and therefore reimbursable under the MVRA. Instead, Akebia claims, the district court "dispensed with Janosko" and applied the wrong precedent when it considered Akebia's request for restitution.

The district court extensively cited to Lagos when it determined which expenses Akebia claimed fell within the ambit of mandatory restitution. To be sure, this newer case narrowed the construction and application of § 3663A(b)(4), categorically excluding reimbursement for expenses related to a corporation's private investigation as well as any expenses incurred before a government investigation began. Lagos, 138 S. Ct. at 1690. But whether Akebia's expenses were related to a private or government investigation was not an issue before the district court; there had been no suggestion Akebia undertook its own investigation into the defendants' activities.

We agree with Akebia that the district court relied heavily on Lagos. However, Lagos was not entirely inapplicable to the request for restitution because the Supreme Court sharpened our focus on an important qualifier within the language of the statute: only necessary expenses are mandated for reimbursement.

See id. at 1689; § 3663A(b)(4). The district court clearly picked up the Court's emphasis on the word "necessary" and properly considered which of Akebia's claimed expenses were integral to its participation in the government's investigation and prosecution of the offenses in the criminal proceedings.[3]

We emphasize, however, that the criteria we collected from our previous cases and explicitly identified in Janosko, i.e., expenses that "would not have been incurred in the absence of the offense, . . . were not too attenuated in fact or time from the crime, . . . and were reasonably foreseeable," continue to be a critical part of the evaluation of all requests for reimbursement under the MVRA. Janosko, 642 F.3d at 42 (internal citations and quotation marks omitted). Lagos does not overrule Janosko, and we don't read the district court's decision to say as much; it explicitly chose to rely primarily on Lagos because it was decided more recently than our discussion in Janosko summarizing the

---

[3] The Supreme Court, in further justification of its conclusion that the MVRA does not include reimbursement for expenses related to private investigations, commented that a line-by-line determination of which expenses incurred during a private investigation were necessary would impose too heavy an administrative burden on the district courts. Lagos, 138 S. Ct. at 1689. The Court's point is well-taken, but the district court's efforts to wade through Akebia's request for restitution highlights that there is, pardon the word, necessarily, some level of administrative burden to decide which expenses, properly within the purview of government-driven investigations and criminal proceedings, were necessary and therefore reimbursable.

criteria we have considered in the past. Moreover, the district court did not ignore the criterium of foreseeability emphasized in Janosko. Case in point: The district court ultimately concluded that, "after Lagos, the question before the court is not merely whether such expenses were foreseeable, but whether they were 'necessary.'" We agree, and moving forward, Lagos and Janosko will both be important to the consideration of requests for restitution. In our opinion, the district court did not abuse its discretion in its application of the relevant precedents.

Now that we have clarified the state of the applicable law, we move on to consider Akebia's arguments that the district court abused its discretion when it excluded certain expenses from the restitution order.[4] Akebia specifically challenges three parts of the restitution order as improperly excluded pursuant to the governing precedent. Akebia has not, however, claimed the district court clearly erred with any of the factual findings made in the process of considering Akebia's requested reimbursement.

_____

[4] No one disputes that Akebia is in fact a victim under the MVRA or that Akebia accrued expenses while participating in the government's investigation and prosecution of the defendants. The dispute lies in what was a "necessary" expense and therefore reimbursable to Akebia. In addition, because the defendants did not challenge attorney's fees as a category of expenses ripe for reimbursement under the MVRA's "necessary . . . other expenses" and Akebia has obviously not raised this as a legal issue for our review, we assume without deciding that attorney's fees are proper fodder for restitution as part of § 3663A(b)(4)'s "necessary . . . other expenses."

- 12 -

First, the district court's denial of 80% of the fees Akebia claimed for the time its outside counsel spent preparing and supporting Akebia's restitution request after the court had indicated these expenses would be covered. The district court deemed the 137 hours Akebia claimed for time spent seeking restitution unreasonable and excessive and allowed only 20% of these hours claimed.

Second, the district court's denial of the fees Akebia claimed for time spent "making corporate witnesses available for meetings requested by DOJ." Here, Akebia brings our attention to the page in the restitution order where the district court denied Akebia's request for reimbursement for time spent preparing corporate witnesses for trial testimony because the government prosecutors were responsible for preparing these witnesses for trial testimony.

Third, the district court's categorical refusal to reimburse the attorneys' time accrued for their attendance at the criminal proceedings. Akebia asserts that their outside counsel's attendance at all the proceedings was required to help protect Akebia's confidential and proprietary information; pointing out that the district court seemed to acknowledge this notion by allowing the attorneys' transportation costs to the courthouse. Akebia also asserts that the district court created an

inappropriate per se rule that attorney attendance at criminal proceedings is not reimbursable pursuant to the MVRA.

The reality is that determining an award of restitution is a fact-specific undertaking and will vary case-by-case. Newell, 658 F.3d at 31. The district court has the discretion to determine, for each case, which expenses were necessary and foreseeable, and therefore reimbursable. The district court's task is to reasonably determine an appropriate amount for restitution and to ensure the amount awarded has a rational basis in the record. González-Calderón, 920 F.3d at 85. We have previously acknowledged that, to some degree, any line drawn which has the effect of denying part of a request for reimbursement of expenses is arbitrary. See United States v. Amador-Huggins, 799 F.3d 124, 134 (1st Cir. 2015) (stating that simply drawing a line, even if it seems arbitrary, does not make the denial of some portion of the expenses "inequitable" or "unsustainable" (citing United States v. Sánchez-Maldonado, 737 F.3d 826, 828 (1st Cir. 2013))). Regardless of the heavy weight the district court placed on the Supreme Court's guidance in Lagos, it painstakingly considered each category of expenses presented to it, as well as each item within each category, to determine a reasonable award to Akebia based on its determination of whether each category and item was necessary and foreseeable. As we stated above, we see no improper exercise of its discretion in its application of the

- 14 -

relevant law, and no abuse thereof in its series of decisions, expressed in the order, or in the resulting award to Akebia.

## CONCLUSION

And so, all that is left to say is the petition for a writ of mandamus is **DENIED**.