**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2500
_____

UNITED STATES OF AMERICA

v.

BEN McCORMACK,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:16-cr-00173-001)
Chief District Judge: Hon. Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 16, 2025

Before: BIBAS, MONTGOMERY-REEVES, and AMBRO,
*Circuit Judges*

(Filed: September 18, 2025)


Frederick W. Ulrich
FEDERAL PUBLIC DEFENDER'S OFFICE

330 Pine Street
One Executive Plaza, Suite 302
Williamsport, PA 17701
    *Counsel for Appellant*

Patrick J. Bannon
Sean A. Camoni
Jeffery F. St. John
UNITED STATES ATTORNEY'S OFFICE
MIDDLE DISTRICT OF PENNSYLVANIA
235 N Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA 18503

Carlo D. Marchioli
UNITED STATES ATTORNEY'S OFFICE
MIDDLE DISTRICT OF PENNSYLVANIA
Sylvia H. Rambo United States Courthouse
1501 N 6th Street, 2nd Floor
P.O. Box 202
Harrisburg, PA 17102
    *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

BIBAS, *Circuit Judge*.

Defendants must pay victims what they owe, but not twice over. Ben McCormack broke into two gun stores, stole dozens of guns, and left a mess. At sentencing, the District Court ordered restitution. Though the victims' testimony and records were incomplete, the evidence was sufficient to prove the value of the guns and property damage. But the court erred by awarding lost income and double-counting the value of the guns. So we will vacate that part of the restitution award, affirm the rest, and remand.

## I. McCORMACK OWES RESTITUTION FOR STEALING GUNS

McCormack had a short career as a gun thief. In 2016, he and an accomplice forced open the back door of a gun store and stole twenty-eight guns. A few weeks later, he and a different accomplice hit another gun store and stole forty-one guns, a digital video recorder (DVR), and a cash register. Federal agents later identified McCormack and recovered many of the stolen guns from his house and car.

McCormack pleaded guilty to stealing guns from federal firearms licensees and conspiracy, in violation of 18 U.S.C. §§ 922(u) & 371. As part of his plea bargain, he agreed to pay restitution. The first time around, the District Court's restitution order did not account for any insurance payments or guns returned to the stores. On appeal, this Court sent the case back so that the District Court could compute the actual amount owed by subtracting any reimbursements.

On remand, the District Court held an evidentiary hearing on restitution. It heard not only from both store owners, but also from an agent involved in the case who testified about the Blue Book values of the stolen guns. It also reviewed supporting documents. Based on that evidence, the court ordered McCormack to pay $57,044.96 in restitution.

McCormack raises two objections to the restitution order. First, he claims that the District Court double-counted the store owners' losses, counting both the value of the stolen guns and the lost sales of those same guns. Second, he claims that the whole restitution award was speculative and too high. His first claim prevails, but his second does not.

## II. THE RESTITUTION ORDER DOUBLE-COUNTED THE GUNS' VALUE AS LOST INCOME

Start with the first objection. McCormack claims, and the government concedes, that the District Court erred by awarding the victims lost income. Whether the Mandatory Victims Restitution Act requires compensation for lost income is a question of law, so we review de novo. *See United States v. Himler*, 355 F.3d 735, 744 (3d Cir. 2004).

The Act requires restitution for violent, property, and certain other crimes. 18 U.S.C. §3663A(c)(1). It seeks to restore victims to where they stood before the crime. *Cf. Hughey v. United States*, 495 U.S. 411, 416 (1990). That can require returning stolen property, paying its value, or paying victims for costs that they incurred while helping the government investigate or prosecute the crime. §3663A(b)(1), (b)(4); *Lagos v. United States*, 584 U.S. 577, 580–81 (2018). But it does not let victims recover consequential damages, or the same loss twice. *United*

4

*States v. Simmonds*, 235 F.3d 826, 833 (3d Cir. 2000); *United States v. Quillen*, 335 F.3d 219, 226 (3d Cir. 2003).

Yet the District Court made both errors. The restitution award covered two things: first, the full *retail* value of the stolen guns—not just what the stores paid for them, but what they would have earned by selling them; and second, a week's worth of lost income for each store, since the thefts forced them to shut down for a week. But during the week they had to close, each store would likely have sold some of the same guns for which they were already getting reimbursed. Those lost sales were double counted. And lost sales of *other* weapons are consequential damages not covered by the MVRA. § 3663A(b)(1); *Simmonds*, 235 F.3d at 833.

The government now agrees that the restitution award should omit the lost-income component. So we will vacate and remand to let the district court amend the restitution awards accordingly.

### III. THE EVIDENCE SUPPORTED THE REST OF THE RESTITUTION AWARD

That leaves the second issue: Did the District Court properly calculate the value of the guns and other damaged property? We review for abuse of discretion and find none. *Himler*, 355 F.3d at 744.

First, McCormack insists that the restitution award is speculative, built on "maybes" and "possibilities." Appellant's Br. 17. It has been nine years since the thefts, and one of the gun stores has since closed. Many of the stores' receipts and logs

are lost; their other documents are imprecise or incomplete. That uncertainty, he argues, taints the whole restitution award.

But no one doubts that these thefts caused damage. To break in, McCormack smashed one store's window and pried open the other store's back door. An agent testified that, before they were returned, the recovered guns "were all thrown together [in trash bags] where they basically would scratch each other and bang up against each other." App. 120.

And the Act requires full restitution for losses. § 3663A(a)(1) ("shall order"); *United States v. Leahy*, 438 F.3d 328, 337 n.11 (3d Cir. 2006). True, restitution awards must reflect losses that are "actual, [and] provable." *United States v. Fair*, 699 F.3d 508, 514 (D.C. Cir. 2012). But when precise figures are unavailable, courts may rely on "reasonable estimate[s]." *United States v. Fumo*, 655 F.3d 288, 310 (3d Cir. 2011) (internal quotation marks omitted).

So the question is not whether the victims suffered losses, but how large those losses were. The government had to prove each victim's losses by a preponderance of the evidence. § 3664(e). And it did. Both store owners testified and were cross-examined about their losses and property damage. They got some of their stolen guns back and resold them at a discount. Though their records were incomplete, they still had some and put them into evidence. And the agent testified about the recovered guns' condition and Blue Book value. The District Court found the witnesses credible and the numbers reasonable. So the court's computation, founded on evidence rather than speculation, was well within its discretion.

McCormack also objects that the District Court never explained its reasoning. But it did. After a full evidentiary hearing, it spent several pages of transcript discussing the costs and deductions before approving the government's proposed figures for each type of loss.

Last, McCormack argues that the District Court improperly awarded emotional or consequential damages. But the court did not do so. It just acknowledged the emotional toll and business hardships that the store owners suffered. It never relied on those harms in computing its figures and entering judgment.

\* \* \* \* \*

As the government concedes, the District Court should not have compensated the gun store owners for their lost income. So we will vacate the lost-income component of the restitution award and remand. But because the government proved the lost value of the guns and property damage, we will affirm the rest of it.